UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DONALD WILLIAM CARLSON,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL BERGER, WRIGHT COUNTY PUBLIC DEFENDER, WRIGHT COUNTY, and STATE OF MINNESOTA,<br><br>      Defendants. | Civil No. 12-2898 (DSD/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is currently being prosecuted in the state district court for Wright County, Minnesota, on a charge of "Felony Drug Possession and Sale in the 5th Degree concerning marijuana." (Complaint, [Docket No. 1], "STATEMENT OF CLAIM," p. 1, ¶ 7.) It appears that Plaintiff is being represented in that case by Attorney Michael Berger ("Berger"), who is identified as "an Assistant Public Defender in Wright County Minnesota." (Id.)

Plaintiff alleges that on November 13, 2012, he talked to Berger on the telephone, and requested Berger to file a discovery motion for a "physical lineup" or an "array of

photographs" of men who look like Plaintiff.  (Id., ¶ 8.)  Berger allegedly denied Plaintiff's request, and told Plaintiff that he had no legal right to demand a "line up."  (Id., ¶¶ 8-9.)

Plaintiff is now trying to sue Berger, claiming that he has violated Plaintiff's constitutional right to effective assistance of counsel.  According to Plaintiff, Berger's response to his "line up" request "constitute[s] an undue infringement on my right as a criminal defendant to participate in my own defense."  (Id., p. 2, ¶ 13.)

Plaintiff is also attempting to sue three other Defendants – "Wright County Public Defender," Wright County, and the State of Minnesota.  Plaintiff alleges that the "government has cut the funding to the Wright County Public Defender by approximately 18 percent," and he claims that "[t]he severe funding cut to the Wright County Public Defender has resulted in a rationing of legal services so severe as to deny me my right to effective assistance of legal counsel in a criminal trial."  (Id., ¶ 14.)

Based on these allegations, Plaintiff is seeking a declaratory judgment that would affirm his constitutional rights in his state criminal case, including the "right to have accusing witnesses establish identification through selection from a physical line up or from selection from photographs of similar appearing persons."  (Complaint, "REQUEST FOR RELIEF," p. 1, ¶ 1.a.)  He is also seeking a judgment that would (i) enjoin Defendants from "refusing to seek Discovery Orders for their clients," (ii) mandate an increase in governmental funding to the Wright County Public Defender, and (iii) award "actual damages" in the amount of $7,500, and punitive damages in the amount of $100,000.  (Id., pp. 1-2, ¶¶ 2-4.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, Plaintiff is attempting to sue the named Defendants for allegedly violating his federal constitutional rights. An individual can attempt to enforce his constitutional rights or recover damages for violations of his constitutional rights by bringing an action under 42 U.S.C. § 1983. See Moore v. City of Desloge, Mo., 647 F.3d 841, 846 (8th Cir. 2011) (§ 1983 "authorizes a private right of action against those who, under color of law, deprive a citizen of 'any rights, privileges, or immunities secured by the Constitution and laws'"). To state an actionable § 1983 claim, a plaintiff must allege a set of facts showing that the named defendant(s) violated his constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) ("[o]nly state actors can be held liable under Section 1983"), cert. denied, 535 U.S. 1017 (2002). The Court finds that Plaintiff has not pleaded an actionable § 1983 civil rights claim (or any other cause of action on which relief can be granted) against any of the named Defendants.

The Court initially finds that Plaintiff has failed to state an actionable claim against Defendant Berger because he is not a state actor. Polk County v. Dodson, 454 U.S. 312, 318 (1981) (public defenders cannot be sued in civil rights actions, because they are not considered to be acting under color of law when they are representing indigent criminal defendants); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974) (same). Because Berger is not a state actor he cannot be sued for allegedly violating Plaintiff's constitutional rights.

It is unclear whether Plaintiff is attempting to sue "Wright County Public Defender" as another party, separate and distinct from Berger. It is even less clear whether "Wright County Public Defender" actually is a cognizable legal entity that has the capacity to be sued as such. It is clear, however, that Plaintiff has not alleged any facts that could support any claim for relief against "Wright County Public Defender" because the complaint does not describe any specific acts or omissions <u>by "Wright County Public Defender" itself</u>, which are separate and distinct from <u>Berger's</u> alleged acts or omissions.[1]

Plaintiff has also failed to state any actionable claim against Wright County. He apparently believes that Wright County is obligated to pay for his defense in his criminal case, but that is not so. Under Minnesota law, the County is not obligated to cover the cost of providing public defenders to indigent criminal defendants. <u>See</u> Minn.Stat. § 611.27, subd. 5 (in most cases, the State Board of Public Defense "is solely responsible to provide counsel in adult criminal and juvenile cases"). Moreover, even if Wright County were financially responsible for providing Plaintiff's legal representation in his criminal case, the facts alleged in Plaintiff's complaint would not support any actionable claim against Wright County. Plaintiff has alleged no facts showing that his federal constitutional rights have been violated as a result of any lack of funding for his public defender. To the contrary, the facts alleged in the complaint show that Berger's legal representation of Plaintiff has been

---

[1] If Plaintiff believes that "Wright County Public Defender" is vicariously liable for Berger's alleged misdeeds, he is mistaken because the doctrine of <u>respondeat superior</u> does not apply to civil rights claims. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978).

based on Berger's understanding of the law – not a lack of funding.[2]

Finally, Plaintiff has not pleaded an actionable claim against the State of Minnesota, because the State is immune from suit in federal court. The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). Plaintiff has not identified any applicable Congressional abrogation of the State's Eleventh Amendment immunity, and there is no indication that the State has waived its immunity and consented to be sued in this case. Therefore, Plaintiff has not presented an actionable claim against the State of Minnesota.

Finally, the Court notes that Plaintiff's current lawsuit is barred under the abstention rules emanating from the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971). In Younger, "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000). "Younger directs federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the

---

[2] Plaintiff is attempting to sue Berger based on the notion that he has a constitutional right to be identified in a pre-trial "line up." That notion is simply false. See United States v. Ostertag, 619 F.2d 767, 771 (8th Cir. 1980) ("Appellant points to no constitutional right to a lineup and the cases indicate no such right exists").

federal questions presented." Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996). The prosecution of Plaintiff's current lawsuit would undoubtedly interfere with his state criminal case and that case will afford Plaintiff an adequate opportunity to assert his federal constitutional rights. Therefore, this action is barred by Younger. See Kaylor v. Fields, 661 F.2d 1177, 1182 (8th Cir. 1981) ("Younger prohibits interference with state-court criminal proceedings, if the complaining parties have a fair opportunity to present their federal claims in the state courts").

### III. CONCLUSION

For all of the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed and that Plaintiff's IFP application be denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[Continued on next page.]

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis (Docket No. 2) be **DENIED**; and

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

.

Dated: December    19   , 2012

                                                       *s/ Tony N. Leung*
                                                    TONY N. LEUNG
                                                    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **January 4, 2013**.